UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

CRIMINAL ACTION

VERSUS

19-32-SDD-RLB

LAQURIS WESTBROOK

## RULING

Before the Court is the *Motion to Compel Disclosure of the Identity of the Confidential Informants*[1] filed by the Defendant, Laquris Westbrook. The Government has filed a *Response*.[2] The Court found the Motion to be partially mooted following the Court's *Order*[3] granting the Defendant's *Motion to Suppress*.[4] For the reasons that follow, the Court finds that the *Motion*[5] shall be denied.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On June 15, 2018, Livingston Parish Sheriff's Office ("LPSO") Narcotics Detective Clint Gray ("Detective Gray") was granted a search warrant for a residence on Carolyn Avenue in Denham Springs, LA (the "residence").[6] The basis for his warrant application was information from a confidential informant ("CI"), who claimed to have witnessed in the past 24 to 48 hours a large amount of methamphetamine in the residence.[7] The CI

---

[1] Rec. Doc. 38.
[2] Rec. Doc. 40.
[3] Rec. Doc. 47. *See also* Rec. Doc. 53.
[4] Rec. Doc. 35.
[5] Rec. Doc. 38.
[6] Rec. Doc. 38-1 p. 2; Rec. Doc. 40 p. 2.
[7] *Id.*

58795

had entered the residence with one other individual to engage in a drug transaction from a person referred to as "West."[8]

The warrant was executed on June 15, 2018 by LPSO narcotics detectives.[9] The sole occupant of the residence at that time was the owner, "G.D."; she was advised of her *Miranda* rights and stated that she understood. G.D. informed the detectives that her son, Westbrook, stayed in the southwest corner bedroom.[10] In conducting a search of the bedroom and the kitchen, the detectives located the multiple items that formed the basis for charges alleged against Westbrook.[11] The *Superceding Indictment* charges Westbrook with four counts:

> **Count One:** a violation of 21 U.S.C. 841(a)(1). Possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a schedule II controlled substance.
> **Count Two:** a violation of 21 U.S.C. 841(a)(1). Possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a schedule II controlled substance.
> **Count Three:** a violation of 18 U.S.C. 922(g)(1). Possession of firearms by a convicted felon.
> **Count Four:** a violation of 18 U.S.C. 924(c)(1)(A). Possession of firearms in furtherance of a drug-trafficking crime.[12]

Westbrook originally requested disclosure of the identity of the CI on May 30, 2019 in a discovery request.[13] The Government responded on July 3, 2019 declining to disclose

---

[8] Rec. Doc. 38-1 p. 2; Rec. Doc. 40 p. 2.
[9] *Id.*
[10] Rec. Doc. 40 p. 2.
[11] *See* Rec. Doc. 40 p. 2-3.
[12] Rec. Doc. 25.
[13] *See* Rec. Doc. 38-3.
58795

the CI's identity.[14] On July 17, 2019, Westbrook filed a *Motion to Suppress* evidence seized from a warrantless search of his vehicle that formed the basis for Count One.[15] Westbrook filed a *Motion to Compel Disclosure of the Identity of the Confidential Informants* on July 23, 2019 with leave of Court.[16] The Government filed a *Response* as to each *Motion* on August 7, 2019.[17] At a hearing on the *Motion to Suppress* on December 10, 2019, the Court granted Westbrook's *Motion*, which rendered Westbrook's *Motion to Compel* partially moot as to the CI whose tip led to the suppressed evidence.[18] The Court now considers Westbrook's *Motion to Compel* as to the CI whose tip led to the search of Westbrook's residence.

## II. LAW AND ANALYSIS

### A. Disclosure of Confidential Informants

The United States Supreme Court's decision in *Roviaro v. United States*[19] is the controlling precedent in determining whether to grant a defendant's motion for disclosure of a confidential informant. In *Roviaro*, the Court recognized "the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law."[20] The scope of that privilege depends on the underlying facts, though "there is 'no fixed rule' for when a confidential informant's identity should be disclosed."[21] In interpreting *Roviaro*, the United States

---

[14] Rec. Doc. 38-4.
[15] Rec. Doc. 35.
[16] Rec. Doc. 38.
[17] Rec. Docs. 39, 40.
[18] Rec. Docs. 46, 47. The Court issued an *Order* finding the *Motion to Compel* as moot, but later clarified on Motion by the Defendant that the *Motion to Compel* was only partially mooted. *See* Rec. Docs. 48, 51, 53.
[19] 353 U.S. 53 (1957).
[20] *Id.* at 59.
[21] *United States v. Ortega*, 854 F.3d 818, 824 (5th Cir. 2017) (citing *Roviaro*, 353 U.S. at 60-62).
58795

Court of Appeals for the Fifth Circuit has articulated a three-part test to determine when disclosure is mandated. Under that test, the Court must examine: (1) the level of the informant's activity; (2) the helpfulness of disclosure to the asserted defense; and (3) the Government's interest in nondisclosure.[22] The burden is on the defendant to show exceptional circumstances warranting disclosure of the name of a confidential informant.[23] The trial court is afforded great discretion in making this determination.[24]

### B. Analysis

Westbrook argues that because the CI was the only source of information relied upon by the LSP in obtaining a search warrant, the CI was an active participant.[25] However, the CI was not involved in any of Westbrook's charged conduct. Merely providing information that allows law enforcement to obtain a warrant is not necessarily enough for a CI to be considered an active participant.[26] Here, the CI is much like the CI in *Ortega*: the CI was not "a witness to or active participant in the charged offenses."[27] The first factor therefore weighs against disclosure of the CI.

As to the second factor, "the defendant is required to make a sufficient showing that the testimony [of the informant] would significantly aid the defendant in establishing

---

[22] *United States v. Ibarra*, 493 F.3d 526, 531 (5th Cir. 2007); *United States v. Vizcarra-Porras*, 889 F.2d 1435, 1438 (5th Cir. 1989). *See also United States v. Toro*, 840 F.2d 1221, 1232 (5th Cir. 1988).
[23] *State v. Smith*, 09-259 (La.App. 5 Cir. 11/24/09), 28 So.3d 1092, 1097.
[24] *Id.*; *see also Ibarra*, 493 F.3d at 531.
[25] Rec. Doc. 38-1 p. 5-6.
[26] *Ortega*, 854 F.3d at 824-825.
[27] The Court notes that it is of no importance that the charged offenses involve possession with the intent to distribute controlled substances rather than the sale of controlled substances. Although the CI observed the items that form the basis for Westbrook's charged offenses in the home, the Fifth Circuit requires the CI to actively participate in the search. *Id.* at 824; *United States v. Edwards*, 133 Fed.Appx. 960, 963 (5th Cir. 2005) (per curiam). *See generally United States v. Watley*, 318 Fed.Appx. 871, 874 (11th Cir. 2009).
58795

an asserted defense."[28] Westbrook argues that he will contend at trial that he never possessed drugs or firearms at the residence. Westbrook likens the *Roviaro* CI to the present situation, where the CI "was the sole participant . . . in the transaction charged" and "the only witness in a position to amplify or contradict the testimony of government witnesses."[29] However, "mere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure."[30] According to Westbrook, "[o]nly the CI can place Westbrook at the location where the drugs and firearms were found."[31] Westbrook's argument is based on speculation of facts that the CI may or may not testify to; moreover, unlike in *Roviaro*, the CI in the present case was not an active participant. Therefore, the second factor also weights against disclosure.

Finally, as to the third factor, the burden rests on the Government to provide "more than . . . a general allegation" in showing its interest in nondisclosure. The Government contends that it has a great interest in "not discouraging informants to communicate information to law enforcement."[32] "[T]he informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law."[33] Westbrook offers little argument as to how the Government lacks a significant interest in nondisclosure.[34] The third factor therefore weighs against disclosure.

---

[28] *United States v. De Los Santos*, 810 F.2d 1326, 1331 (5th Cir. 1987) (citing *United States v. Diaz*, 655 F.2d 580, 588 (5th Cir. 1981)).
[29] Rec. Doc. 38-1 p. 6 (quoting *Roviaro*, 353 U.S. at 64).
[30] *United States v. Gonzales*, 606 F.2d 70, 75 (5th Cir. 1979).
[31] Rec. Doc. 38-1 p. 6.
[32] Rec. Doc. 40 p. 7, 9.
[33] *Roviaro*, 353 U.S. at 59 (citations omitted).
[34] Rec. Doc. 38-1 p. 6.
58795

### III. CONCLUSION

For the reasons stated above, the Defendant's *Motion for Hearing to Compel Disclosure of the Identity of the Confidential Informant*[35] is hereby DENIED.

**IT IS SO ORDERED**.

Signed in Baton Rouge, Louisiana on January 22, 2020.

	*Shelly D. Dick*
	**CHIEF JUDGE SHELLY D. DICK**
	**UNITED STATES DISTRICT COURT**
	**MIDDLE DISTRICT OF LOUISIANA**

---

[35] Rec. Doc. No. 38.
58795